IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TRUSTEES OF THE UTAH CARPENTERS' and CEMENT MASONS' PENSION TRUST, <br><br> Plaintiff, <br><br> v. <br><br> JERRY W. CARLSON, et al., <br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND DEEMING MOOT MOTION TO COMPEL <br><br> Case No. 2:10-cv-334 TC <br><br> District Judge Tena Campbell <br><br> Magistrate Judge Brooke Wells |

Defendants Jerry W. Carlson d/b/a Advantage Wireless of Cougar Lane, Jerry W. Carlson d/b/a Castle Valley Landscaping & Rental, Jerry Carlson, an individual, and Rocky Mountain Miners, Inc., and Castle Valley Services, Inc., (collectively Defendants) move the Court to compel Plaintiff Trustees of the Utah Carpenters' and Cement Masons' Pension Trust (Trust) to fully respond to their first set of discovery requests. In opposition, Plaintiff provides that "had Defendants' merely communicated to the Trust that Defendants were not satisfied with the Trust's prior responses, the Trust would have simply provided the amended discovery responses attached hereto, which render the entire issue moot."[1] In response, Defendants do not contest Plaintiff's position that the issue is moot because of the amended discovery responses. Instead, Defendants argue that the additional discovery was only provided after a motion to compel was filed. Thus, "Defendants request that the Trust be ordered to pay Defendants' attorney fees and costs incurred bringing this motion, pursuant to Fed. R. Civ. P. 37(a)(5) and (c)(1)."[2]

---

[1] Op. p. 1.

[2] Reply p. 8.

Rule 37(a)(5) provides:

(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.[3]

Rule 37(c)(1) provides: "(1) *Failure to Disclose or Supplement*. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), . . . the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;"[4]

Here, it appears that counsel for Plaintiff relied on the District of Nevada local rules and practices regarding discovery disputes.[5] In Nevada, the parties must seek to resolve a discovery dispute with sincere effort and personal consultation before involving the court.[6] The mere sending of a letter does not satisfy the meet and confer requirement.[7] The Local Rules of this

---

[3] Fed. R. Civ. P. 37(a)(5)(A) (2010) (all references to the Federal Rules are to the 2010 revised edition).

[4] *Id.* 37(c)(1).

[5] In addition to local counsel, Plaintiffs are represented by Brownstein Hyatt Farber Schreck, LLP, a firm located in Las Vegas, Nevada.

[6] *See e.g.*, *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 172 (D.Nev. 1996).

[7] *See id.*; *compare with*, Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.").

Court do not require such a sincere effort involving personal communication.[8] But, perhaps at some point in the future they will. As of today, however, Defendants attempts to resolve this discovery dispute via letter or email would suffice to satisfy the meet and confer requirement. Thus, the Court rejects Plaintiff's position that the meet and confer requirement was not met in this case.

Nevertheless, the Court is not persuaded that the current situation warrants the imposition of movant's reasonable expenses under Rule 37. Rule 37(a)(5)(A)(iii) allows a court to not award the movant reasonable expenses if "other circumstances make an award of expenses unjust."[9] Plaintiff's counsel's misreliance on the Nevada rules for resolving discovery disputes will be overlooked this one time. In the future, however, the Court advises all counsel to do a better job in seeking to resolve discovery disputes without involving the Court.[10]

Accordingly, Defendants' Motion to Compel is DEEMED MOOT and Defendants' Motion for attorney's fees and costs is DENIED.

DATED this 8 March 2011.

Brooke C. Wells
United States Magistrate Judge

---

[8] *See Donnell v. Taylor*, 2010 U.S. Dist. LEXIS 81055, *9 (D.Utah 2010); *Flying J. Inc. v. TA Operating Corp.*, 2007 U.S. Dist. LEXIS 55574, *5 (D.Utah 2007).

[9] Fed. R. Civ. P. 37(a)(5)(A)(iii).

[10] It appears that as of the date of this decision Plaintiff does not have a copy of the collective bargaining agreement. As soon as Plaintiff receives it from the Union, however, Plaintiff should provide Defendants a copy of this agreement. *See* op. p. 7-8.